UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY LAMONT HAMILTON,<br><br>Plaintiff,<br><br>v.<br><br>DAVID O. LIVINGSTON, et al.,<br><br>Defendants. | Case No. 25-cv-10331-JST<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED PURSUANT TO 28 U.S.C. § 1915G**<br><br>Re: ECF No. 2 |

Plaintiff has filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983s.  For the reasons set forth below, the Court ORDERS Plaintiff to show cause why his request for leave to proceed *in forma pauperis*, Dkt. No. 2, should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

**I.      Order to Show Cause *In Forma Pauperis* Status Should Not Be Denied**

**A.      28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which became effective on April 26, 1996.  The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

In determining whether a prior dismissal counts as a strike, the Court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the

dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) ("*Harris I*") (internal quotations marks and citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim. *Id.* at 674. For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance: The phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ( "*Andrews I*"). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted). When the district court dismisses a complaint for failure to state a claim and grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("*Harris II*").

"Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews I*, 398 F.3d at 1121. A district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike. *Id.* at 1119 n.8.

A dismissal based solely on a finding that the plaintiff previously incurred at least three strikes, without any additional finding that the action is itself frivolous, malicious or fails to state a claim, does not count as an additional strike under § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016).

The plain language of the imminent danger clause in Section 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis). "[T]he imminent danger exception to

2

the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

The Ninth Circuit requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him. *Andrews I*, 398 F.3d at 1120. *Andrews I* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g). However, the prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

### B.    Prior Denial of *In Forma Pauperis* Status

Plaintiff has previously been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g) in C No. 05-cv-03894 WHA, *Hamilton v. CDCR, et al.* ("*Hamilton I*"). In *Hamilton I*, the Court found that the following three cases filed by Plaintiff had been dismissed as frivolous, malicious, or for failure to state a claim: C No. 03-cv-03134 WHA (PR), *Hamilton v. CDC* (N.D. Cal. Aug. 8, 2003); C No. 03-cv-00107 WHA (PR), *Hamilton v. Rupf* (N.D. Cal. Dec. 10, 2004); and C No. 05-cv-04887 WHA (PR) *Hamilton v. CDC* (N.D. Cal. Jan. 4, 2006).

### C.    Prior Strikes

The Court has reviewed Plaintiff's prior cases and finds that he has at least three cases which were dismissed either as frivolous, or malicious, or for failure to state a claim:

(1)    Case No. 03-cv-03134 WHA (PR), *Hamilton v. CDC* (N.D. Cal.) ("*Hamilton I*"). In this case, Plaintiff alleged that the CDCR and certain correctional officials negligently lost his personal property when he arrived at San Quentin State Prison, and sought compensation for the

United States District Court
Northern District of California

3

loss or an order that he be released from custody. *Hamilton I*, ECF Nos. 1, 4. The *Hamilton I* court dismissed the complaint for failure to state a claim and without leave to amend because neither the negligent nor intentional deprivation of property states a due process claim under Section 1983 if the deprivation was random and unauthorized, as was the case in *Hamilton I*. *Hamilton I*, ECF No. 4. *Hamilton I* qualifies as a strike for failure to state a claim because it was dismissed in its entirety for failure to state a claim, and the property claim has no basis in law. *Harris I*, 935 F.3d at 674 (to be counted as strike, case must be dismissed in entirety as frivolous or for failure to state a claim); *Andrews I*, 398 F.3d at 1121 (case is frivolous if it has no basis in law).

(2)     Case No. 03-cv-00107 WHA, *Hamilton v. Rupf* (N.D. Cal.) ("*Hamilton II*"). In this case, Plaintiff alleged that: (1) in response to a request for assistance, a mental health department worker named William came to see him but instead of helping him, told him that he had read Plaintiff's files and that he should should contact his victims, and accused Plaintiff of having committing crimes he had not been caught for, and (2) an unnamed guard wrote a false disciplinary report against him, which resulted in his family visit being cancelled. *Hamilton II*, ECF Nos. 1, 2. The *Hamilton II* court dismissed the complaint for failure to state a claim. The *Hamilton II* court dismissed without leave to amend the claim that an unnamed guard had issued a false disciplinary report because a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest, as long as a prisoner is afforded procedural due process in the disciplinary hearing and Plaintiff did not allege that he failed to receive procedural due process. The *Hamilton II* court dismissed the claim regarding "William" because verbal harassment does not state a constitutional claim and because the allegations did not state a claim that William, or other jail personnel, were deliberately indifferent to a serious medical need as Plaintiff had only alleged that he had asked to see someone from the Mental Health Department. The *Hamilton II* court granted Plaintiff leave to amend the claim against William because the claim would be actionable if William's actions denied Plaintiff adequate medical care for a mental illness. *Hamilton II*, ECF No. 2. Plaintiff did not file an amended complaint, and the *Hamilton II* court dismissed the action for failure to state a

United States District Court
Northern District of California

claim. *Hamilton II*, ECF No. 11. *Hamilton II* qualifies as a strike for failure to state a claim because it was dismissed in its entirety for failure to state a claim. *Harris I*, 935 F.3d at 674 (to be counted as strike, case must be dismissed in entirety as frivolous or for failure to state a claim); *Harris II*, 863 F.3d at 1143 (when district court dismisses complaint for failure to state claim and grants leave to amend, and plaintiff fails to file amended complaint, dismissal for failure to file amended complaint counts as strike under § 1915(g)).

(3)    Case No. 05-cv-04887 WHA, *Hamilton v. CDCR, et al.* (N.D. Cal.) ("*Hamilton III*"). In this case, Plaintiff alleged that on November 7, 2004, prison psychiatrist Louis Kamel/Camel told him to hang himself which caused mental distress, voices about Kamel/Camel, nightmares, paranoia, suicidal ideation, and fear of doctors; that Warden Evans, in his capacity as overseer of the prison, was ultimately responsible for Plaintiff's care; and that J. Stocker, N. Grannis, Caroline Kates, Charles Dudley Lee improperly handled Plaintiff's grievances regarding the incident with Kamel/Camel. Plaintiff also named the California Department of Corrections and Rehabilitation ("CDCR") as a defendant. Plaintiff sought $1.5 million in damages, release from CDCR custody, the sealing of his state criminal record, and relocation to a mental institution of his choice. *Hamilton III*, ECF No. 1. The *Hamilton III* court dismissed the complaint for failure to state a claim against the CDCR because the Eleventh Amendment bars claims suits against state agencies, such as the CDCR, in federal court; for failure to state a claim against defendant Evans because the claim alleged respondeat superior liability which cannot be brought under Section 1983; for failure to state a claim against defendants Stocker, Grannis, Kates, and Lee because there is no right to a particular result from the prison grievance system; and for failure to state a claim against defendant Kamel/Camel because Plaintiff had only alleged mental and emotional injury and the Prison Litigation Reform Act requires Section 1983 claims to show physical injury. Based on these principles, the *Hamilton III* court dismissed defendants CDCR, Evans, Stocker, Grannis, Kates, and Lee; and granted Plaintiff leave to amend the claim against Kamel/Camel to allege physical injury, if Plaintiff could do so in good faith. *Hamilton III*, ECF No. 4. Plaintiff filed an amended complaint that alleged that Dr. Kamel ordered him to wear a mask when being interviewed or transported, which caused his lungs to hurt and a slight stomach

United States District Court
Northern District of California

sickness. *Hamilton III*, ECF No. 5. The Court dismissed the claim against Dr. Kamel for failure to state a claim because the injuries were de minimis, which is insufficient to state a Section 1983 claim, and dismissed the action without leave to amend. *Hamilton III*, ECF No. 6. *Hamilton III* qualifies as a strike for failure to state a claim because it was dismissed in its entirety for failure to state a claim. *Harris I*, 935 F.3d at 674 (to be counted as strike, case must be dismissed in entirety as frivolous or for failure to state a claim).

The Court has carefully evaluated the above cases, and finds that cases qualify as strikes because the cases were dismissed in their entirety for either failure to state a claim or as frivolous. *Andrews I,* 398 F.3d at 1121 ("§ 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim"); *Harris I*, 935 F.3d at 674, 676 (to be counted as strike, case must be dismissed in its entirety as frivolous, malicious or for failure to state claim); *Harris II*, 863 F.3d at 1143 (when court dismisses complaint for failure to state claim and grants leave to amend, and plaintiff fails to file amended complaint, dismissal counts as Section 1915(g) strike).

### D.    Complaint

Plaintiff filed this complaint on or about November 21, 2025. Dkt. No. 1-2. He has named as defendants Sheriff David O. Livingston; deputy sheriffs I. Gutierrez, R./S. Salters, D. Bruno, R. Myhr, T. Slous, J. Costello, Humes, Kapu, Medina; and sergeant Holscher.

The complaint makes the following allegations.

On August 21, 2025, at the direction of defendant Holscher, defendants Gutierrez, Salters, Bruno, Myhr, and Slous "brutally" pried Plaintiff's hands from his "ADA personal, permanent walker," despite Plaintiff expressing that it was painful for him to sit. Plaintiff suffers "hand pain injuries," mental anguish, and emotional distress from this incident. Plaintiff has not been given a replacement walker.

On or about December 21, 2024, defendants Costello, Humes, Medina, and Kapu took away Plaintiff's approved walker and cane, verbally assaulted him, placed Plaintiff in restraints for stating his legal ADA rights to possess the cane and walker, and dragged Plaintiff which caused

United States District Court
Northern District of California

pain and bleeding in his wrists. Defendant Costello continually smashed Plaintiff's head into the podium pillar. Defendant Medina cut off Plaintiff's ability to breathe by putting a fist on Plaintiff's throat. Defendant Medina then dragged Plaintiff to the elevator and tried to kill him by "snatching [his] rear hair to ground, snapping neck (take therapy), holding back preventing breathing until out." "They yelled fabrications for ill-will audio purposes." *See generally* ECF No. 1. Plaintiff states that he is in imminent danger. ECF No. 1 at 2. Plaintiff requests the following relief: "Be permanently appointed as the lead U.S. Article III judge by the U.S. president with a no-holds-barred exemption regarding all laws at a salary of $10,000,000.00 per year to be increased in increments consistant (sic) to the increments of the economic economy of society, inside a guarded (10) acre secured personal private property, safe from police." ECF No. 1 at 3.

### E. Imminent Danger of Serious Physical Injury Analysis

Although Plaintiff states that he is in "imminent danger," the complaint does not allege that Plaintiff faced imminent danger of serious physical injury from the named defendants on November 21, 2025, the date he filed the complaint.[1] Nor does the complaint support such an inference. The complaint alleges two excessive force incidents, one on December 21, 2024 and another on August 21, 2025. The two incidents happened eight months apart and involved two different groups of correctional officials. There are no allegations that Defendants were seeking to inflict physical harm on Plaintiff on November 21, 2025. Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

/ / /

/ / /

---

[1] The Court affords Plaintiff application of the mailbox rule when determining the date he filed his civil rights complaint. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (*pro se* prisoner filing is dated from the date prisoner delivers it to prison authorities). It appears that Plaintiff gave his complaint to prison authorities for mailing on or about November 21, 2025. ECF No. 1-2.

**CONCLUSION**

For the reasons set forth above, the Court ORDERS Plaintiff to, within **twenty-eight (28) days** of the date of this order, SHOW CAUSE why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Failure to respond in accordance with this order may result in dismissal of this action without further notice to Plaintiff pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated:  June 11, 2026



JON S. TIGAR
United States District Judge

United States District Court
Northern District of California